FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

2013 AUG 21 P 12: 35

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

TWIN DISC, INCORPORATED, ) Case No. 1:13cv1041
a Wisconsin corporation, ) CMH/IDD
)
Plaintiff, ) JURY TRIAL DEMANDED
)
vs. )
)
TWINDISC.CC, TWIN DISC.ORG AND )
TWIN DISCS.COM, )
)
Defendant. )

## IN REM COMPLAINT FOR VIOLATIONS OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

1. Plaintiff brings this in rem action pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 (d) (2) ("ACPA") seeking transfer or cancellation of the domain names TWINDISC.CC, TWINDISC.ORG AND TWINDISCS.COM ("Domain Names").

### Parties

2. Plaintiff Twin Disc, Incorporated ("Twin Disc") is a Wisconsin corporation with its principal place of business located at 1328 Racine Street, Racine, Wisconsin 53403. Twin Disc was formed in 1918 and is publically traded on the National Association of Securities Dealers Automated Quotations ("NASDAQ": TWIN).

3. Defendant TWINDISC.CC is a domain name which was registered on December 29, 2008, by Quanzhou Twin-Disc Trade Development Corporation, Ltd. ("Quanzhou"), a Chinese corporation with an address at: F2 A Zhanglancheng LIcheng Quanzhou, Quan Zhou Shi, Fu Jian, China 362000 ("Registrant"). [A copy of the WHOIS record for Twindisc.cc is attached as Exhibit 1.]

4. Defendant TWINDISCS.COM is a domain name which was registered on May 13, 2013, on information and belief, by Twin-Disc (HK) International Holding Group Co,

23664977_4.DOC

Limited, a Hong Kong corporation ("HK International") incorporated on March 26, 2013. [A copy of the WHOIS record for Twindiscs.com is attached as Exhibit 2.] (Collectively, Quanzhou and Registrant are referred to as Registrants.)

5. VeriSign, Inc. ("VeriSign") is the Registry of the .cc and .com extensions and is located at 213455 Ridgetop Circle, Lakeside III, Dulles, VA 20164.

6. Defendant TWINDISC.ORG is a domain name which was registered on August 9, 2012 by Quanzhou. [A copy of the WHOIS record is attached as Exhibit 3.]

7. Public Interest Registry is the Registry of the .org extensions and is located at 1775 Wiehle Avenue, Suite 102 (A), Reston, Virginia 20190.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 (original jurisdiction over Lanham Act claims), 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (jurisdiction to adjudicate federal trademark claims).

9. This Court has in rem jurisdiction over the Domain Names pursuant to 15 U.S.C. § 1125(d) (2) (A) (ii) (I) as Plaintiff is unable to obtain personal jurisdiction over the Registrants responsible for registering, using and trafficking in the Domain Names because the Registrants are located outside of the United States and to Plaintiff's knowledge, are not subject to personal jurisdiction in the United States.

10. In rem jurisdiction in this district is proper pursuant to 15 U.S.C. § 1125 (d) (2) (C) because (i) the domain registries both have operations located in this District, (ii) the Registrants of the Domain Names are a Chinese and a Hong Kong corporation respectively; and (iii) Plaintiff is unable to obtain in personam jurisdiction over the Registrants.

11. Contemporaneously with this filing, Plaintiff will forward a copy of the Complaint and its notice of its intent to proceed under the ACPA to the Registrants by electronic mail and regular mail.

12. Plaintiff is prepared to publish notice of this action as the Court may direct promptly after filing.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (2) and 15 U.S.C. § 1125(d)(2)(A) and (C) because the registries for the Domain Names are both located within the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

### Twin Disc

14. Twin Disc is a long established international manufacturer and worldwide distributor of heavy duty off-highway and marine power transmission equipment and related products. Twin Disc has been in business for almost 100 years, incorporated in 1918. Twin Disc markets, distributes and sells its products and services under the name and trademark TWIN DISC in the United States and throughout the world. Twin Disc is well known and widely respected in its industry.

15. Twin Disc operates its business using the domain name TwinDisc.com ("Official Website"). Twin Disc originally registered its domain name on September 23, 1996. [A true and correct copy of the WHOSIS received is attached as Exhibit 4.] Through its Official Website, Twin Disc's customers and distributors can learn more about the company and its products.

16. Twin Disc owns a number of U.S. federal trademark registrations ("Marks") and also holds trademarks in many other countries.

17. Twin Disc owns a federal trademark registration for Twin Disc, Registration No. 876913 ("Name Mark"). The Name Mark was registered on September 16, 1969. In addition, Twin Disc has had common law trademark rights in the Name Mark since at least 1918. The Name Mark is valid and in full force and effect. The Name Mark has obtained incontestable status in the United States pursuant to 15 U.S.C. § 1065. [A true and correct copy of the Name Mark Registration Certificate is attached as Exhibit 5.]

18. Twin Disc also owns two trademark registrations for Twin Disc including a red and white logo design: (a) Twin Disc received a registration on October 19, 2010, Registration No. 3865913. The trademark was first used in commerce on or about March 1, 2008. The Mark is valid and in full force and effect. [A true and correct copy of the Registration Certificate is attached as Exhibit 6.] (b) Twin Disc received a second trademark registration for Twin Disc including a red and white logo design which was registered on November 2, 2010, Registration No. 3870797. The trademark was first used in commerce on or about March 1, 2008. The Mark is valid and in full force and effect. [A true and correct copy of the Registration Certificate is attached as Exhibit 7.] The red and white trademarks are referred to as the Logo Marks. The Name Mark and the Logo Marks are referred to as the "Marks."

19. In addition to the Marks, Twin Disc has applied for or registered these same trademarks in multiple countries throughout the world, including China and Hong Kong.

20. Twin Disc uses its Marks and its Official Website to provide news and information and to market to its customers, potential customers, shareholders, employees and distributors to promote its brands, sell products, recruit and hire employees, support its distributor network, and promote its corporation.

21. Twin Disc has contributed significant resources and efforts to advertise, promote, develop and enforce its Marks, Official Website and brand in the United States and throughout the world. By these efforts, Plaintiff has established considerable goodwill in the Marks. The Marks are widely recognized nationally and internationally as a symbol of the high quality of Twin Disc's products and services.

22. Plaintiff's trademark is recognized by the public as an exclusive identifier of the high quality of Plaintiff's products and services.

23664977_4.DOC

## Misconduct of Registrants

23. Long after Twin Disc registered the Name Mark and obtained the domain name for its Official Website, Quanzhou began obtaining the Domain Names which infringe the Marks without Plaintiff's consent.

24. On or about December 29, 2008, Quanzhou applied for a registration for TWINDISC.CC. The TWINDISC.CC domain name is likely to cause confusion among consumers because it contains the Marks. In addition, when a visitor arrives at the website address for TWINDISC.CC, Quanzhou offers to sell parts and equipment for oilfield equipment, engineering machinery, mining machinery, port machinery, and power-generating equipment, including Twin Disc products. While the majority of the website is in Chinese, Quanzhou is using the Name Mark and the Red Logo Marks on its website. [A downloaded copy of the website as it existed in August 2013 is attached hereto as Exhibit 8.]

25. On or about August 9, 2013, Quanzhou applied for a registration for TWINDISC.ORG. The TWINDISC.ORG domain name uses the Marks and is likely to cause confusion among consumers as to the origin or affiliation of the Domain Name with Twin Disc.

26. On or about May 13, 2013, on information and belief, HK International applied for a registration for TWINDISCS.COM. The TWINDISCS.COM domain name is likely to cause confusion among consumers because the domain name contains the Mark with an intentional misspelling, by adding an "s" after "Twindisc." When a visitor arrives at the website address for TWINDISCS.COM, the website shows parts and equipment for oilfield equipment, engineering machinery, mining machinery, port machinery, and power-generating equipment which purport to be original Twin Disc products. In addition, Twin Disc's Marks are prominently displayed on the website. [A downloaded copy of the website as it existed in August 2013 is attached hereto as Exhibit 9.]

27. At no time has Twin Disc authorized any of the Domain Name Defendants or their Registrants to use its Marks in commerce.

28. The Domain Names are confusingly similar to the Marks and violate Plaintiff's exclusive trademark and service mark rights in the Marks in the United States.

29. In registering the domains, the Domain Name Defendants have evidenced bad-faith intent to profit from the long-established and positive reputation associated with Twin Disc's Marks by deliberately choosing domain names which used the Marks and using the Marks on their websites. Defendants could only have chosen the Domain Names in order to profit by attempting to divert customers seeking to purchase products from Twin Disc to their products. In fact, in addition to the three domain names at issue of the action at hand, Registrant has obtained at least five additional domain names which include the Marks which are not subject to the jurisdiction of this court.

## COUNT I

## IN REM ACTION UNDER THE ANTICYBERQUATTING CONSUMER PROTECTION ACT 15 U.S.C. § 1125(d)(2)(A) AGAINST THE DOMAIN NAME DEFENDANTS

30. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 29 of this Complaint as if set forth in full in Paragraph 30.

31. Plaintiff possesses the legal right to use the Marks in the United States.

32. Defendants have used Twin Disc's Marks in commerce in bad faith by registering domain names which incorporate the Marks owned by Twin Disc in an attempt to sell, offer for sale, distribute or advertise its goods and lead Twin Disc's customers and potential customers to choose its products over Twin Disc's authentic products.

33. By registering, using and trafficking in the Domain Names, the Domain Name Defendants violated Plaintiff's exclusive rights in the Marks and are using Domain Names which are confusingly similar to or dilutive of the Plaintiff's Marks.

34. The Registrants of the Domain Names have a bad faith intention to profit by their unauthorized use of the Marks, including but not limited to by diverting consumers from Plaintiff's Official Website to sites accessible under the Domain Names and offer products

which purport to be true Twin Disc products, when they are not authorized to sell those products and upon information and belief, are not Twin Disc products.

35. The Registrants' actions are harming the reputation and goodwill of Twin Disc, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Domain Names, and affiliated sites.

36. The continued registration and use of the Domain Names violates 15 U.S.C. § 1125(d)(2), which prohibits the registration of internet domain names that are confusingly similar to of the Marks.

37. The unauthorized Domain Names have and will continue to cause irreparable injury to Plaintiff and the Plaintiff's goodwill associated with the Marks.

38. Because Registrant's conduct is causing and likely to cause substantial injury to consumers and to Twin Disc, Twin Disc is entitled to proceed in rem to obtain transfer or cancellation of the Domain Names.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Twin Disc, Incorporated respectfully requests that this Court issue a judgment:

    A.    Ordering VeriSign to transfer the registration for the TWINDISC.CC, and TWINDISCS.COM domains from the current registrar to the account maintained by Twin Disc with the registrar Network Solutions, LLC; or forever cancelling the domain names TWINDISC.CC and TWINDISCS.COM;

    B.    Ordering Public Interest Registry to transfer the registration for the TWINDISC.ORG. domain from the current registrar to the account maintained by Twin Disc with the registrar Network Solutions, LLC which subsequently will register the domain names in the name of Plaintiff, Twin Disc, Incorporated; or forever canceling the TWINDISC.ORG domain name.

C. Awarding Twin Disc those attorney's fees and costs incurred by Twin Disc in pursuing this action; and

D. Granting such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Twin Disc, Incorporated hereby demands a jury trial for all issues so triable.

DATED: August 21, 2013

/s/ William A. Wozniak
William A. Wozniak, VSB No. 79233
Williams Mullen
8300 Greensboro Drive
Suite 1100
McLean, VA 22102
T: 703-760-5200
F: 703-748-0244
E: wwozniak@williamsmullen.com

William R. Poynter, VSB No. 48672
Williams Mullen
222 Central Park Avenue
Suite 1700
Virginia Beach, VA 23462
wpoynter@williamsmullen.com

*Attorneys for Plaintiff*
*TWIN DISC, INCORPORATED*

Of Counsel:

David Edquist, SBN: 1010243
(not admitted to practice in Virginia)
dedquist@vonbriesen.com
Linda C. Emery, SBN: 1061029
(not admitted to practice in Virginia)
lemery@vonbriesen.com,
vonBriesen & Roper, S.C.
411 East Wisconsin Avenue
Suite 1000
Milwaukee, WI 53202
T: 414-276-1122
F: 414-276-6281