

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TWIN DISC, INCORPORATED, )
)
    Plaintiff, )
)
v. )   Case No. 1:13-cv-01041 (CMH/IDD)
)
TWINDISC.CC, *et al.*, )
)
    Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment against Defendants <twindisc.cc> and <twindiscs.com> ("Defendants" or "Defendant Domain Names") pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2). (Dkt. No. 13.) After a licensed attorney for Defendants failed to appear at the hearing on January 17, 2014, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Entry of Default Judgment, and the supporting exhibits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendants.

### I.    INTRODUCTION

Twin Disc, Incorporated ("Plaintiff") filed a Complaint on August 21, 2013, seeking relief under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), based on Quanzhou Twindisc Trade Development Co., Ltd. ("Quanzhou") and Twin-Disc (HK) International Gongyinglian Development Co., Limited ("HK International") (collectively "Registrants'") bad-faith use of the domain names <twindisc.cc> and <twindiscs.com>,

respectively.[1] (Compl. ¶¶ 2-3.) The ACPA grants trademark owners a remedy against "cybersquatting." Cybersquatting occurs when a party registers or uses a trademark owner's mark as a domain name with the bad faith intent of profiting from the sale or use of the domain name.[2] Plaintiff has moved for default judgment against Defendant Domain Names and requests that this Court order VeriSign, Inc. ("Verisign") to transfer the registration of <twindisc.cc> and <twindiscs.com>.[3] (Compl. Prayer For Relief ¶¶ A-D.)

### A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* (Compl. ¶ 8.)

This Court also has *in rem* jurisdiction over the Defendants under 15 U.S.C. § 1125(d)(2)(A) because the registrar wherein the Defendant Domain Names are registered,

---

[1] In the Complaint, Plaintiff also sought the transfer or cancellation of the domain name TwinDisc.org. (Dkt. No. 1.) However, on November 1, 2013, Plaintiff stipulated to the voluntary dismissal of all claims asserted against Defendant, TwinDisc.org. (Dkt. No. 3.) Consequently, the motion for default judgment was only filed against Defendants, TwinDisc.cc and TwinDiscs.com. (Dkt. No. 13.)

[2] *See Corsair Memory, Inc. v. Corsair7.com*, 2008 U.S. Dist. LEXIS 110067 at *20 (N.D. Cal. Nov. 3, 2008) (quoting 15 U.S.C. § 1125(d)(1)(B)(i)(VI) to define cybersquatting as: "Offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct."); *see also Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 295 (2d Cir. 2002) (explaining Congress's enactment of the ACPA as a supplement to the federal trademark statute in order to combat bad-faith registration or use of domain names).

[3] In the Complaint, Plaintiff requests an order transferring registration of Defendant Domain Names, an award of attorneys' fees, and such other relief as the Court may deem just and proper. (Compl. Prayer For Relief ¶¶ A-D.) However, in the memorandum of law in support of the motion for default judgment, Plaintiff requests only an order transferring ownership and control of Defendant Domain Names registrations to Plaintiff. (Mot. Def. J.; Mem. Supp. Def. J. at 8-9.)

Verisign, is located within this district in Reston, Virginia. (Compl. ¶¶ 9-10, 31-38.) Similarly, venue is appropriate in this District under 28 U.S.C. § 1391(b)(2), as well as 15 U.S.C. § 1125(d)(2)(C)(i), which states that "a domain name shall be deemed to have its situs in the judicial district in which . . . the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located." (*See* Compl. ¶ 13.)

### B. Service of Process

The ACPA allows a trademark owner to file an *in rem* civil action against a domain name and provides instructions on how to provide sufficient notice of such an action. Specifically, the ACPA provides that service of process in an *in rem* action may be accomplished by sending notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail addresses provided by the registrant to the registrar, and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(A) and (B).

The undersigned finds that Plaintiff has complied with all the notice requirements necessary to bring an *in rem* action against Defendant Domain Names under the ACPA. Plaintiff filed an *in rem* civil action against Defendant Domain Names because it was unable to obtain personal jurisdiction over the Registrants due to their location outside of the United States. (Compl. ¶ 9.) In accordance with 15 U.S.C. §1125(d)(2)(A)(ii)(II)(aa), on August 23, 2013, Plaintiff sent notice of the alleged violation and intent to proceed under the ACPA, along with a copy of the Complaint, to the registrant of each domain name at the postal and e-mail addresses provided by the registrant to the registrar. (Dkt. No. 5.)

Subsequently, on November 6, 2013, in accordance with 15 U.S.C. §1125(d)(2)(A)(ii)(II)(bb), Plaintiff filed a motion seeking leave to publish notice of the action in

*The Washington Post.* (Dkt. No. 4-5.) This Court granted Plaintiff's motion on November 7, 2013, and on November 24, 2013, Plaintiff published notice of this Court's Order in *The Washington Post.* (Dkt. Nos. 7, 9.) As set forth in the notice of action, any person claiming an interest in the Infringing Domain Names was required to file an answer or other response to the Complaint within twenty-one days from the date of the publication of the Order in *The Washington Post.* (Dkt. No. 9.) Defendant Domain Names did not file an answer or other response to the Complaint in response to the publication of the Order. For the reasons stated above, the undersigned finds that service of process has been accomplished in this action.

### C. Grounds for Default

Plaintiff filed the Complaint on August 21, 2013. A representative for Defendants has failed to appear, answer, or file any responsive pleading in this matter. On December 10, 2013, Plaintiff filed a Request for Entry of Default against Defendant Domain Names with the Clerk's Office. (Dkt. No. 10.) The Clerk entered default against Defendant Domain Names on December 13, 2013. (Dkt. No. 11.) On January 7, 2014, Plaintiff filed a Motion for Entry of Default Judgment, and the Court held a hearing on the matter on January 17, 2014. (Dkt. Nos. 13-15, 18.) When a representative for Defendants failed to appear at the hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings,[4] the undersigned Magistrate Judge finds that Plaintiff has established the following facts.

---

[4] The pleadings include the Complaint (Dkt. No. 1), Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 13), and Plaintiff's Memorandum in Support of Motion for Default Judgment (Dkt. No. 14).

### A. Plaintiff's Mark

Plaintiff is a Wisconsin corporation with its principal place of business in Racine, Wisconsin. (Compl. ¶ 2.) Plaintiff was incorporated almost 100 years ago, in 1918. (Compl. ¶ 14.) Plaintiff is a well-known and widely-respected international manufacturer and distributor of heavy duty off-highway and marine power transmission equipment. (*Id.*) Plaintiff markets, distributes, and sells its equipment and related products and services under the name and trademark TWIN DISC both in the United States and internationally. (*Id.*) Plaintiff first registered its domain name, TwinDisc.com ("official website"), on September 23, 1996, and operates its business using this official website. (*Id.* at 15.) Plaintiff's customers and distributors use this official website to gain information about the company and its products. (*Id.*)

Plaintiff owns several United States federal trademark registrations ("Marks"), as well as a number of foreign trademark registrations. (*Id.* ¶ 16.) Specifically, Plaintiff owns a federal trademark registration for TWIN DISC, Registration No. 876913 ("name mark"), which was registered on September 16, 1969. (*Id.* ¶ 17.) The name mark has obtained incontestable status in the United States under 15 U.S.C. § 1065, and is currently still valid. (*Id.*) Additionally, Plaintiff has had common law trademark rights in the name mark since the corporation's establishment. (*Id.*) In addition to the name mark, Plaintiff owns two trademark registrations for TWIN DISC including a red and white logo design, Registration Nos. 3865913 and 3870797. (*Id.* ¶ 18.) Furthermore, Plaintiff has applied for or registered these same trademarks in several countries, including China and the Hong Kong region. (*Id.* ¶ 19.)

Plaintiff uses its official website, TwinDisc.com, and its name mark and red and white logo design, to promote, market, and sell its products to prospective and existing customers. (*Id.* ¶ 20.) It also uses the official website to share news and information with shareholders,

employees, and distributors, as well as to recruit and hire new employees. (*Id.*) Plaintiff has invested significant money and effort into the advertisement, promotion, and development of its official website, name mark, and brand, both nationally and internationally. (*Id.* ¶ 21.) Through these efforts, Plaintiff has established goodwill and wide brand recognition. (*Id.*)

### B. Defendants' Infringing Domain Names

Defendants' infringing domain names: <twindisc.cc> and <twindiscs.com> are maintained by VeriSign, which is located in this judicial district. (Compl. ¶¶ 3-5.) On or about December 29, 2008, Quanzhou applied for a registration for <twindisc.cc>. (Compl. ¶ 24.) On its website, <twindisc.cc>, Quanzhou uses Plaintiff's name mark and logo design. (*Id.*) Additionally, on its website, Quanzhou offers to sell oilfield and power-generating equipment, as well as engineering, mining and port machinery purporting to be authentic TWIN DISC products and equipment. (*Id.*) On or about May 13, 2013, HK International applied for a registration for <twindiscs.com>. (*Id.* ¶ 26.) On its website, <twindiscs.com >, HK International prominently displays Plaintiff's name mark and logo. (*Id.*) HK International, like Quanzhou, offers to sell oilfield and power-generating equipment, as well as engineering, mining and port machinery purporting to be authentic TWIN DISC products and equipment. (*Id.*)

Defendant Domain Names both contain the TWIN DISC name mark in a way that is misleading to consumers. (Compl. ¶¶ 24, 26; Mem. Supp. Mot. Def. J. at 5-6.) One domain name uses the word portion of Plaintiff's name mark in its entirety (<twindisc.cc>), while the other uses the word portion of the name mark with an intentional misspelling—the addition of the letter "s" (<twindis*cs*.com>). (Mem. Supp. Mot. Def. J. at 5.) On their websites, Defendant Domain Names use of the mark and logo design is confusingly similar to Plaintiff's legitimate use of the mark on its official website. (Compl. ¶ 28; Mem. Supp. Mot. Def. J. at 5-6.) By

6

deliberately choosing domain names that use Plaintiff's name mark and by prominently displaying Plaintiff's name mark and logo design, Defendant Domain Names are attempting to divert consumers seeking to purchase Plaintiff's authentic merchandise to websites selling counterfeit products bearing the TWIN DISC name mark. (*Id.* ¶ 29.) Defendant Domain Names are seeking to confuse customers in an effort to profit from Plaintiff's goodwill and well-established reputation. (*Id.*) Plaintiff never authorized either of the Defendant Domain Names or their Registrants to use its name mark in commerce. (*See* Compl. ¶ 27.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be

granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186,193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

## ACPA

Plaintiff contends that it is entitled to relief under the ACPA. The Act provides that a person is liable to the owner of a mark where the person has a "bad faith intent to profit from that mark . . . and uses a domain name that . . . is distinctive at the time of registration of the domain name . . . [and is] confusingly similar to that mark." 15 U.S.C. § 1125(d)(1)(A)(i)-(ii). To establish an ACPA violation, Plaintiff is required to "(1) prove that [Defendants] had a bad faith intent to profit from using the [Defendant Domain Names], and (2) that the ... domain name[s] [are] identical or confusingly similar to, or dilutive of, the distinctive and famous [TWIN DISC] Mark." *People for the Ethical Treatment of Animals ("PETA") v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001) (citing 15 U.S.C. § 1125(d)(1)(A)). The inquiry under the ACPA is "narrower than the traditional multifactor likelihood of confusion test for trademark infringement." *Newport News Holding Corp. v. Virtual City Vision*, 650 F.3d 423, 437 (4th Cir. 2011) (citing *Coco-Cola Co. v. Purdy*, 382 F.3d 774, 783 (8th Cir. 2004)). The ACPA provides that a court may order the cancellation of the domain name or its transfer to the owner of the mark as remedy to the owner. *Id.* at §1125(d)(1)(C).

In this case, the Registrants had the bad faith intent to profit from using Defendant

Domain Names. Defendant Domain Names all contain the TWIN DISC word mark in a way that is confusingly similar to Plaintiff's legitimate use of the word mark on its official website, TwinDisc.com. (Compl. ¶ 32.) Specifically, one of the defendant domain names uses the word portion of Plaintiff's name mark in its entirety (<twindisc.cc>), while the other uses the word portion of the name mark with an intentional misspelling—the addition of the letter "s" (<twindiscs.com>). (Mem. Supp. Mot. Def. J. at 5.) On their websites, Defendant Domain Names use of the mark and logo design is confusingly similar to Plaintiff's legitimate use of the mark on its official website. (Compl. ¶ 28; Mem. Supp. Mot. Def. J. at 5-6.)

By deliberately choosing domain names that use Plaintiff's name mark and by prominently displaying the name mark and logo design, Defendant Domain Names are attempting to divert consumers seeking to purchase Plaintiff's authentic merchandise to websites selling counterfeit products bearing the TWIN DISC name mark. (Id. ¶ 29.) Defendant Domain Names are seeking to confuse customers in an effort to profit from Plaintiff's goodwill and well-established reputation. (Id.) Moreover, the Registrants' actions are harming Plaintiff's goodwill and reputation by creating confusion and providing customers with counterfeit products. (Id. ¶ 35.) For these reasons, the undersigned Magistrate Judge finds that the Registrants have acted in bad faith in operation of Defendant Domain Names in violation of § 1125(d).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends the entry of default judgment in favor of TWIN DISC, Inc. and against Defendant Domain Names for violation of title 15 U.S.C. § 1125(d). The undersigned Magistrate Judge further recommends that an Order be entered directing VeriSign, Inc. to transfer the registration of <twindisc.cc> and <twindiscs.com> to Plaintiff.

## V. NOTICE

By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the Registrants at the following addresses:

TWINDISC.CC
Quanzhou Twindisc Trade Development Co., Ltd.
F2 A Zhanglancheng Licheng
Quanzhou Quan Zhou Shi,
Fu Jian, China 362000

TWINDISCS.COM
Twin-Disc (HK) International Gongyinglian Development Co., Limited
F2 A Zhanglancheng Licheng
Quanzhou Quan Zhou Shi,
Fu Jian, China 362000

/s/
Ivan D. Davis
United States Magistrate Judge

March 21, 2014
Alexandria, Virginia